2005 WI 164
In the Matter of Disciplinary Proceedings Against Seth P. Hartigan, Attorney at Law: Office of Lawyer Regulation, Complainant,
v.
Seth P. Hartigan, Respondent.
No. 2005AP1017-D.
Supreme Court of Wisconsin.
Opinion Filed: December 13, 2005.
¶1 PER CURIAM.
We review the report and recommendation of referee Russell L. Hanson that Attorney Seth P. Hartigan be publicly reprimanded following Attorney Hartigan's default in response to the complaint filed by the Office of Lawyer Regulation (OLR). After our review of the matter, we adopt the referee's findings of fact and conclusions of law, and hold that Attorney Hartigan should be publicly reprimanded and ordered to pay the costs of this proceeding.
¶2 Attorney Hartigan was admitted to practice law in Wisconsin in January 1998. His license to practice law was suspended for six months by order dated January 19, 2005 for a variety of professional misconduct, including accepting a laptop computer in payment of a fee and retaining it for his personal use without informing his law firm, failing to protect his client's interests upon termination of a representation, and failing to keep a client reasonably informed as to the status of her parole hearing. See In re Disciplinary Proceedings Against Hartigan, 2005 WI 3, 277 Wis. 2d 341, 690 N.W.2d 831. His license remains suspended, as he has not yet petitioned for reinstatement. See SCR 22.28(3).[1] Attorney Hartigan had not been the subject of disciplinary proceedings prior to the January 2005 suspension.
¶3 The present proceeding arises out of a complaint filed by the OLR on April 19, 2005 alleging six counts of professional misconduct. The OLR attempted on multiple occasions to have the complaint personally served on Attorney Hartigan, but all service attempts were unsuccessful. Service was accomplished on May 27, 2005 by the OLR sending, via certified mail, an authenticated copy of the complaint and order to answer to Attorney Hartigan at the most recent address he had furnished to the State Bar of Wisconsin. See SCR 22.13(1).[2]
¶4 When Attorney Hartigan failed to respond to the OLR's complaint, the OLR moved for the entry of a default judgment. The referee held a telephonic hearing on July 18, 2005 and attempted unsuccessfully to contact Attorney Hartigan at the last phone number he had provided to the Wisconsin State Bar. Ultimately, the referee found Attorney Hartigan to be in default.
¶5 The referee accepted the allegations of the complaint as his findings of fact, and concluded that they established that Attorney Hartigan had committed professional misconduct as set forth in the six counts of the complaint. As requested by the OLR, the referee recommended that Attorney Hartigan be publicly reprimanded for his misconduct and ordered to pay the costs of the present proceeding.
¶6 Attorney Hartigan has not filed an appeal. The matter is therefore submitted to the court for its review pursuant to SCR 22.17(2).[3] The referee's findings of fact are to be affirmed unless they are clearly erroneous. See In re Disciplinary Proceedings Against Sosnay, 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). The referee's conclusions of law, however, are subject to de novo review. See In re Disciplinary Proceedings Against Carroll, 2001 WI 130, ¶29, 248 Wis. 2d 662, 636 N.W.2d 718.
¶7 In summary, Attorney Hartigan's misconduct in the present case involved his representation of three clients: T.H., K.S. and M.B.
¶8 From 2001 through December 1, 2003, the State Public Defender's Office (SPD) certified Attorney Hartigan to represent clients at revocation hearings in front of the Division of Hearings and Appeals (the Division). One of the individuals that Attorney Hartigan was appointed to represent was T.H. Attorney Hartigan was supposed to represent her at a parole revocation hearing on October 9, 2002. Attorney Hartigan failed to communicate with T.H. at any time prior to the revocation hearing and failed to appear at the October 9, 2002 hearing. Ultimately the hearing was rescheduled but Attorney Hartigan failed to notify T.H. of the rescheduling.
¶9 The SPD also appointed Attorney Hartigan to represent K.S. at a probation revocation hearing scheduled for September 29, 2003. Pursuant to K.S.'s request, Attorney Hartigan attempted to reschedule the hearing but the administrative law judge (ALJ) refused his request. Attorney Hartigan then failed to appear at the September 29, 2003 hearing and failed to notify either K.S. or the ALJ that he would not be present. On September 29, 2003, David Schwartz, the Division's administrator, sent a letter to Attorney Hartigan admonishing him for failing to appear or to notify the Division that he would not be appearing. K.S.'s revocation hearing was rescheduled for two different dates in October 2003 but Attorney Hartigan failed to appear each time.
¶10 When the ALJ finally was able to speak with Attorney Hartigan concerning his failure to appear, Attorney Hartigan denied that K.S. was his client or that he had knowledge of the rescheduled hearings. Attorney Hartigan also told the ALJ that since he had not been recertified by the SPD, he could no longer represent K.S. This was a false statement as Attorney Hartigan's certification had been extended by the SPD until December 1, 2003. Attorney Hartigan had not informed K.S. that he was withdrawing as K.S.'s counsel.
¶11 When the SPD subsequently appointed new counsel for K.S. pursuant to his request, Attorney Hartigan failed to transfer K.S.'s file to his new attorney. Attorney Hartigan's failure to withdraw properly caused K.S. to use up his one request to the SPD for a new attorney. Attorney Hartigan's pattern of conduct caused the Division to file a grievance against him with the OLR.
¶12 The OLR attempted to contact Attorney Hartigan in late March 2004 but was not immediately successful. On April 5, 2004, Attorney Hartigan sent an email to an OLR investigator indicating that he was now available to meet. Attorney Hartigan, however, failed to appear at the scheduled time. When the OLR subsequently served Attorney Hartigan with a Notice of Investigative Interview, Attorney Hartigan did finally appear but produced only a single letter relevant to the investigation. Although he promised to produce other documents, including a letter showing the transfer of K.S.'s file to successor counsel, Attorney Hartigan failed to do so.
¶13 Attorney Hartigan committed similar misconduct in his representation of M.B. M.B. retained Attorney Hartigan in connection with a criminal matter. Subsequently, Attorney Hartigan was terminated from his associate position with his law firm. Attorney Hartigan then appeared at M.B.'s trial on September 17, 2003. He requested an adjournment on the grounds that he was waiting for M.B., who was in custody, to sign a letter transferring the file from Hartigan's former firm to Attorney Hartigan. The trial court ultimately rescheduled the trial for December 3, 2003. Subsequently, pursuant to M.B.'s request, Hartigan's former firm did transfer M.B.'s file to Attorney Hartigan. Despite receiving the file, Attorney Hartigan did not appear at the December 3, 2003 trial and did not notify either his client or the court that he would not be appearing. Although the court left multiple messages for Attorney Hartigan informing him that the trial had been adjourned until December 16, 2003, Attorney Hartigan did not appear on that date. Attorney Hartigan did not file a motion to withdraw from his representation of M.B. M.B. subsequently stated that he received a letter from Attorney Hartigan stating that Attorney Hartigan had not appeared at the scheduled court dates because he needed additional money from M.B. to continue the representation.
¶14 Based upon the above findings of fact, the referee concluded that Attorney Hartigan had engaged in professional misconduct as alleged in each of the six counts of the OLR's complaint. With respect to the representation of T.H., the referee determined that Attorney Hartigan's failure to communicate with T.H. constituted a failure to keep the client reasonably informed about the status of a matter, contrary to SCR 20:1.4(a).[4]
¶15 The referee also found four violations in connection with the K.S. representation and the OLR's investigation of the same. The referee concluded that Attorney Hartigan's failure to appear at K.S.'s hearings represented a failure to act with reasonable diligence, in violation of SCR 20:1.3.[5] The referee further determined that Attorney Hartigan had violated SCR 20:1.4(a) by failing to communicate with K.S. concerning the status of his revocation hearing and Attorney Hartigan's alleged inability to continue the representation. Attorney Hartigan also violated the requirement of SCR 20:1.16(d)[6] to protect his client's interest upon termination of the representation by failing to inform the client that he could no longer represent him and by failing to transfer the client's file to successor counsel. The referee further concluded that Attorney Hartigan's failure to respond to the OLR requests for information and documents and his failure to appear for a scheduled interview with the district committee's investigator violated SCR 22.04(1).[7]
¶16 Finally, with respect to M.B., the referee concluded that Attorney Hartigan's failure to notify M.B., the court and opposing counsel of his intent not to appear at trial and his failure to file a formal motion to withdraw constituted a failure to protect the client's interests upon termination of a representation in violation of SCR 20:1.16(d).
¶17 Based on these findings of fact and conclusions of law, which we adopt, we accept the referee's recommendation that Attorney Hartigan be publicly reprimanded for his professional misconduct. From both this proceeding and the prior proceeding, we note a disturbing pattern by Attorney Hartigan of failing to represent his clients diligently and to conduct himself as an officer of the court. As noted above, Attorney Hartigan's license remains suspended for his previous misconduct. The present misconduct will also be taken into account in the event that Attorney Hartigan petitions for reinstatement of his license to practice law. Finally, in addition to the public reprimand, we also agree with the referee's recommendation that Attorney Hartigan should pay the costs associated with this disciplinary proceeding, totaling $613.28 as of August 12, 2005.
¶18 IT IS ORDERED that Attorney Seth B. Hartigan is publicly reprimanded for his professional misconduct.
¶19 IT IS FURTHER ORDERED that, within 60 days of the date of this order, Attorney Seth P. Hartigan pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of an inability to pay those costs within that time, the license of Seth P. Hartigan to practice law in Wisconsin shall be suspended until further order of the court.
¶20 LOUIS B. BUTLER, JR., J., did not participate.
NOTES
[1] SCR 22.28(3) provides that "[t]he license of an attorney that is revoked or suspended for misconduct for six months or more shall be reinstated pursuant to the procedure set forth in SCR 22.29 to 22.33 and only by order of the supreme court."
[2] SCR 22.13(1) provides in pertinent part: "If, with reasonable diligence, the respondent cannot be served under section 801.11(1)(a) or (b) of the statutes, service may be made by sending by certified mail an authenticated copy of the complaint and order to answer to the most recent address furnished by the respondent to the state bar."
[3] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.
[4] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."
[5] SCR 20:1.3 states that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."
[6] SCR 20:1.16(d) provides: Declining or terminating representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.
[7] SCR 22.04(1) provides that "[t]he director may refer a matter to a district committee for assistance in the investigation. A respondent has the duty to cooperate specified in SCR 21.15(4) and 22.03(2) in respect to the district committee. The committee may subpoena and compel the production of documents specified in SCR 22.03(8) and 22.42."